355 So.2d 62 (1978)
Jo Ann FULLER, Plaintiff-Appellee,
v.
C. J. UNDERWOOD et ux., Defendants-Appellants.
No. 13442.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1978.
Rehearing Denied March 1, 1978.
*63 Paul Kidd, Monroe, by George M. Strickler, Jr., New Orleans, for defendants-appellants.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied March 1, 1978.
BOLIN, Judge.
In this appeal from the trial court's refusal to enjoin the seizure and sale of defendants' property, and from its subsequent order that this property be sold pursuant to executory process, the issues are: (1) whether the act of collateral mortgage executed by defendants contained a confession of judgment satisfying the requirements of Louisiana Code of Civil Procedure Article 2632; and (2) whether the demand for payment required by La.C.C.P. Art. 2639 was either properly made by plaintiff before seizure, or was waived by defendants in the act of mortgage. Agreeing plaintiff complied with these statutory requirements for the use of executory process, we affirm the trial court's judgment.
Plaintiff attached to her petition in the executory proceedings an authentic act of collateral mortgage on real and personal property and a $50,000 demand note paraphed for identification with the act of mortgage. Plaintiff alleged defendants owed an amount in excess of $50,000 and prayed for payment out of the proceeds of sale in "an amount in excess of the amount of the note." After hearing in the injunctive proceeding, the trial judge determined defendants owed $56,000, but limited plaintiff's possible recovery from the proceeds of sale to the amount specified in the collateral mortgage note ($50,000).
The act of mortgage contains the following clause:
The said Mortgagor is hereby bound and obligated not to alienate, deteriorate or encumber said property to the prejudice of this mortgage, which shall import confession of judgment and waive benefit of appraisement.
Defendants contend the above clause does not import a confession of judgment "if the obligation is not paid at maturity." (La.C.C.P. Art. 2632). The trial court acknowledged this act of mortgage did not contain the exact words set forth in Article 2632, but held there was a clear intention to confess judgment according to the common *64 understanding of the language used. We agree that the above quoted clause contains a confession of judgment which will support executory proceedings.
Following the order directing the seizure and sale, defendants were served a notice instructing them to pay the amount specified in plaintiff's petition within three days to avoid the pending seizure of their property. Defendants contend this notice did not constitute demand for payment under La.C.C.P. Art. 2639, since plaintiff's petition did not specify the amount due. However, plaintiff's petition includes the attached collateral mortgage and paraphed note. For the purposes of executory process, the collateral mortgage note is the instrument evidencing the obligation secured by the mortgage. Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir., 1976); Slidell Building Supply, Inc. v. I. D. S. Mortgage Corp., 273 So.2d 343 (La.App. 1st Cir., 1972), writ denied 274 So.2d 708 (La.1973). Since this note specified $50,000 was due, defendants were notified to pay that amount and the demand complied with the requirements of La.C.C.P. Art. 2639.
Louisiana Civil Code Article 3170 permits the mortgagee to collect the full amount of the pledged mortgage note, subject to an accounting to the debtor for any excess over and above the actual indebtedness. Allen v. Commercial National Bank in Shreveport, 138 So.2d 252 (La.App. 2d Cir., 1962). Defendants here used the injunctive procedure provided by the Code of Civil Procedure to obtain a judicial determination of the indebtedness and prevent plaintiff from claiming more than $50,000 from the proceeds of sale.
Since counsel engaged in continuing negotiations concerning the disputed debt, defendants' property was not seized until several months after the order directing that executory process issue. Defendants contend this delay necessitated a second demand for payment prior to the actual seizure. We find a second notice is neither required by law nor capable of serving a useful purpose under the peculiar facts of this case.
Having determined the demand for payment was properly made, we need not decide if this demand was waived.
The judgment is affirmed at appellants' cost.