WILLIAMS, Judge.
This is an appeal from a decision of the trial court awarding plaintiff General Motors Acceptance Corporation [GMAC] a deficiency judgment in a suit filed against defendant after the sale of an automobile pursuant to foreclosure.
In January, 1980, GMAC filed a petition for executory process against defendant alleging that he failed to pay the balance of a promissory note that secured an automobile he had purchased. The trial court granted the request in the petition, and the Sheriff of St. Bernard was commanded to seize and sell the automobile with appraisal. The sale was advertised, and defendant purchased the automobile for $2,017.00. GMAC later resold the automobile to Classic Auto Sales for $2,326.00, and credited the higher amount to defendant’s account. The trial court granted the deficiency judgment in the amount of $3,130.10 plus attorney’s fees in the amount of 25%, provided for by the mortgage, plus legal interest from the date of judicial demand, and all costs. It is from this judgment that defendant appeals.
Defendant appeals alleging three errors were committed in the court below: (1) the trial court’s failure to grant an exception of no cause of action based on GMAC’s removal of the original promissory note and certified copy of the chattel mortgage from the record; (2) there was insufficient evidence introduced at trial to sustain a finding of a deficiency; and (3) executory process was unavailable to plaintiff to enforce its rights.
I. REMOVAL OF PROMISSORY NOTE AND CHATTEL MORTGAGE
Plaintiff GMAC moved that it be allowed to remove the original promissory *633 note and certified copy of the chattel mortgage from the record after the seizure and sale of the car, but before the petition for the deficiency judgment was filed. This motion was granted by the trial court. The documents were later filed with the petition for the deficiency judgment. Defendant argues that he has been prejudiced by the removal because he would not have been able to detect any defect in the promissory note.
GMAC suggests to this court that there is no authority whatsoever to prohibit the removal. GMAC refers to where a situation that could exist when a deficiency judgment may have to be sought in a court in a venue different from that in which the seizure and sale had taken place, in which instance the original promissory note would be used in two proceedings. Furthermore, GMAC argues that the note is still negotiable, no matter whether it is involved in a lawsuit, and the holder still has the right to transfer it. The mortgage and the note were withdrawn after the seizure and sale, but refiled with the supplemental petition for deficiency judgment. The defendant has made no showing that he has been prejudiced by this withdrawal. He has not alleged that there has been any modification or alteration of the note or the mortgage. Under these circumstances, we cannot find that defendant’s rights have been prejudiced by GMAC’s actions.
II. SUFFICIENCY OF EVIDENCE FOR DEFICIENCY JUDGMENT
The defendant asserts that the deficiency judgment should not have been granted because the plaintiff had failed to introduce sufficient evidence to sustain a finding that an appraisal had taken place.
An appraisal is required by La.R.S. 13:4365 and in Article 2771 of the Louisiana Code of Civil Procedure.
In brief to this court, GMAC has attached the official appraisal by the appraisers appointed by the Sheriff of St. Bernard. This appraisal, however, is not found anywhere in the record. Nevertheless, in the record, there is an order commanding the Sheriff to seize and sell the automobile with appraisal. On the back of this order, there is a notation by the Civil Deputy, stating that the property was seized in accordance with the Writ and that it was appraised at $3,000.75. At trial, defendant did nothing to question whether appraisal had taken place.
Although we cannot properly consider the evidence presented to us in brief, but not contained in the record, we nevertheless find that there is sufficient evidence in the record on which a trial judge could base a finding that an appraisal had taken place. This argument, therefore, is without merit.
III. RIGHT TO EXECUTORY PROCESS
Defendant argues that executory process is not available to plaintiff in the instant case because the chattel mortgage was not an authentic act, i.e., signed in the presence of two witnesses and a Notary Public.
Plaintiff argues that there is no authority for a requirement of an authentic act in instances such as this. Plaintiff cites La. R.S. 32:710(K) which states that “all laws and rules and all remedies in processes including executory process, under confessions of judgment as well as proceedings via ordinaria, now or hereafter made available to creditors for the protection or enforcement of their rights under mortgages affecting movables are available to creditors of obligations secured by mortgages affecting vehicles, whether evidenced by authentic acts or by acts under private signature, duly acknowledged.” (emphasis added). Furthermore, Article 2635 of La. Code of Civil Procedure clearly allows for an act of mortgage to be done by private signature duly acknowledged if it is on movable property, as is in the instant case.
Defendant acknowledged in court that he had signed the document. There was no attempt on the part of the defense to traverse the allegation that it was a properly acknowledged document containing a con *634 fession of judgment. Defendant’s argument, therefore, is without merit.
For the foregoing reasons, the decision of the trial court granting plaintiff GMAC a deficiency judgment is AFFIRMED, all costs are to be assessed against appellant.
AFFIRMED.