THOMAS J. KLIEBERT, Judge Pro Tem.
Following the sale of defendant’s property on a “via executavia” foreclosure, the plaintiff, St. Landry Homestead Association (Homestead) brought this action for a deficiency judgment. After being cast in judgment for $24,000.67 ($28,654.35 loan amount, plus accrued interest at the rate of 15%, plus 15% attorney fees, less a credit of $12,892.39 for the net sale proceeds) the defendant, in proper person, brought this devolutive appeal, assigning only one error, i.e., the executory proceeding was defective; hence, plaintiff is not entitled to a deficiency judgment.
The facts giving rise to the litigation are as follows: In 1981, Doris and Evelyn Mouton financed the purchase of real estate through the St. Landry Homestead Association. The Moutons gave Homestead a note in the amount of $29,000.00 secured by a mortgage on the real estate and by the pledge of two hundred and ninety mortgage loan shares of stock in Homestead. Doris Mouton died in July of 1982. In July of 1983, Evelyn Mouton ceased making payments on the note, and after three payments were missed, Homestead filed exec-utory proceedings.
*980 The real estate was seized and both parties appointed appraisers. Homestead’s appraiser valued the real estate at $15,900.00 and Mouton’s appraiser valued the real estate at $24,000.00. According to the proces verbal filed in the record, the appraisers mutually agreed to set the value of the real estate at $21,465.31. On May 28, 1984, the sale was held and the real estate was purchased by Homestead for $14,312.00. The net proceeds from the sale was $12,892.39, leaving an unsatisfied balance on the loan of $15,761.96. Homestead obtained a deficiency judgment for the amount of the debt, subject to the $12,892.39 credit, plus interest penalties, 15% attorney’s fees and costs.
The defendant contends the granting of a deficiency judgment was error because Homestead failed to comply with the statutes regulating executory process in the following respects:
1. The original note that was sued upon was not presented to the judge at the time the order for executory process was executed;
2. The copy of the mortgage attached to the petition was not properly certified and a copy of the mortgage was incomplete and illegible and not a true and correct copy of the mortgage with which the note sued upon was paraphed for identification;
3. The mortgage sued upon did not contain a confession of judgment as required by Article 2632 of the Louisiana Code of Civil Procedure, nor did the mortgagors acknowledge the obligations secured by the mortgage as required by said artilces [sic];
4. There was insufficient evidence to show with certainty that Doris Mouton, husband of defendant-appellant was not a proper party defendant or that defendant-appellant was in fact a proper party defendant;
5. There was no valid appraisal made and obtained prior to the public sale as is required by law;
6. Plaintiff-Appellee obtained from defendant-appellant and her husband, Doris Mouton, a pledge of TWO HUNDRED AND NINETY, (290), shares of stock from the plaintiff-ap-pellee’s association bearing certificate number: 9437 and without judicial process, without benefit of appraisal or public sale, plaintiff-appel-lee arbitrary annulled, cancelled, returned and repossessed to itself certificate bearing certificate number: 9437, representing the TWO HUNDRED NINETY, (290), shares of stock pledge to it on the mortgage in question.
With respect to appellants’ contention that (1) the original note was not presented to the trial judge at the time the order for executory process was executed, (2) the copy of the mortgage filed with the petition was not properly certified, and (3) the mortgage was incomplete, illegible and not a true copy, we note the following: Although appellant properly states the requirements for a valid via executiva proceeding, the record shows that plaintiff filed the original note evidencing the obligation with his petition for executory process. While the mortgage documents originally filed were not certified, plaintiff amended its petition before executory process was ordered to include a certified copy of the mortgage. At the hearing and again on appeal defendant failed to introduce evidence in support of her contention that proof was not in authentic form, nor did she point out specific defects in the mortgage.
As to appellant’s contention that the mortgage sued upon did not contain a confession of judgment, as required by LSA-C.C.P. art. 2631, and the mortgagors did not acknowledge the obligations secured by the mortgage, as required by LSA-C.C.P. art. 2632, we note the following clauses contained in the mortgage:
“Doris Mouton and Evelyn Bolt.... hereinafter designated as Mortgagor, who declared and acknowledged Mortgagor is justly, truly and legally indebted *981 unto St. Landry Homestead Associa-tion_in the full sum of $29,000.00_ The mortgagor binds and obligates himself not to alienate, deteriorate or encumber the above described property to the prejudice of this mortgage, which mortgage imports confession of judgment
[[Image here]]
Although the language used in the act of mortgage is not the same as that set forth in Article 2632, the language used evidences a clear intent to confess judgment. Therefore, we find that the above quoted clause contains a confession of judgment as required for executory proceedings. See Fuller v. Underwood, 355 So.2d 62 (La.App. 2nd Cir.1978), writ denied 357 So.2d 1153.
With respect to appellant’s argument that there was insufficient evidence to show that Doris Mouton, husband of the defendant, was not a proper party defendant or that the defendant was in fact a proper party defendant, we note that under the provisions of C.C.P. art. 2637 evidence as to the proper party defendant need not be submitted in authentic form, but may be proved by the verified petition or supplemental petition or affidavits submitted therewith. In its verified petition for exec-utory process, Homestead stated that the suit was instituted against the surviving spouse in community, Evelyn Bolt, because Doris Mouton was deceased. The death of Doris Mouton was never at issue, and Evelyn Bolt freely admitted that fact at the hearing on the deficiency judgment.
Further, Article 2671 provides in pertinent part that:
“When a mortgage or privilege has been granted on community property to secure an obligation of the community, and one of the spouses in the community has died subsequently, an executory proceeding to enforce the mortgage or privilege may be brought against the surviving spouse in community.”
The record clearly shows Evelyn Bolt was the proper party defendant in the exec-utory proceeding.
Appellant’s contention that no valid appraisal was obtained prior to the public sale as required by law is also at variance with the record. Although the defendant waived the right to appraisal before sale, the plaintiff nonetheless secured appraisals before the sale. The impending sale was advertised, each party appointed an appraiser and the appraisers agreed upon the value of the real estate, all as per LSA-R.S. 13:4363, 4365. The appraisal was delivered to the sheriff two days before the sale and the property sold for two-thirds of the appraised value. See LSA-C.C.P. art. 2336. Hence, a valid appraisal was obtained. Further, although given an opportunity to introduce evidence at the deficiency hearing showing that the appraisal was invalid, defendant failed to do so, nor has she shown on appeal defects in the appraisal procedure. Clearly, therefore, LSA-R.S. 13:4106 has no application to this case.
Finally, appellant’s argument relative to the cancellation of defendant’s shares of pledged stock are also without merit. The optional payment shares are not an asset but, rather, a procedural device to make appellants members of the mutual homestead association. Cancellation of such shares does not affect the ability of the Homestead to foreclose by executory process. See LSA-R.S. 6:824(D).
For the foregoing reasons, we find that the formalities of executory process have been met and that the plaintiff was entitled to a deficiency judgment. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.