508 So.2d 901 (1987)
PONTCHARTRAIN STATE BANK
v.
Remy F. GROSS, II.
No. 87-CA-106.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1987.
Robert A. Mathis, Metairie, for plaintiff-appellant.
John L. Diasselliss, III, LaPlace, for defendant-appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
WICKER, Judge.
This appeal arises from a suit for a deficiency judgment filed on behalf of plaintiff/appellant, Pontchartrain State Bank (Pontchartrain) against defendant/appellee, Remy F. Gross, II (Gross). The suit for deficiency judgment was filed after the seizure and sale of certain immovable property through executory process. Prior to trial on the suit for a deficiency, Gross filed an exception of no cause of action asserting that since the collateral pledge agreement was not filed in the executory proceeding that the executory process proceeding was fundamentally defective and bars a suit for a deficiency judgment. The trial judge sustained the exception of no cause of action and dismissed Pontchartrain's suit. We reverse and remand.
The original suit for executory process was filed in the 24th Judicial District Court for the Parish of Jefferson (No. 275-556). The suit contained inter alia:
1. A verified petition alleging that:
(a) Pontchartrain was the holder and owner of a certain demand promissory *902 note executed by Gross,[1] payable to the order of Pontchartrain in the amount of $122,000 dated March 10, 1982.
(b) the note was secured by a pledge of a certain "Bearer" collateral mortgage executed by Gross in the amount of $150,000 dated March 10, 1982.
(c) the collateral mortgage note was paraphed "Ne Varietur" for identification with a collateral mortgage dated March 10, 1982 and passed before a notary.
(d) Gross had made no payments of principal or interest on the $122,000 note.
(e) the $122,000 demand note was fully mature on its face and therefore Gross was in default.
(f) the collateral mortgage note was in default.
2. The promissory note of $122,000 was attached to the petition. On the back of the note was the following language: "This loan is secured by Collateral Pledge Agreement No. 4280." No pledge agreement was attached to the petition. In addition, the verified petition made no mention of this pledge agreement.
3. Both the "bearer" demand mortgage note of $150,000 and the collateral mortgage were attached along with the power of attorney. The collateral mortgage is an authentic act duly recorded and the $150,000 demand note is paraphed for identification with the act of mortgage.
Gross argues that the executory proceedings were defective for failure to attach the collateral pledge agreement referred to on the back of the $122,000 promissory note. The trial judge concluded that the pledge agreement was an integral part of the chain of authentic evidence and dismissed Pontchartrain's suit for a deficiency judgment for failure to state a cause of action.
Pontchartrain now specifies the following error:
That the trial court erred as a matter of law in finding that its suit for executory process was defective for failure to attach written evidence of the pledge of the collateral mortgage note.
In Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628 (La.1972) the Louisiana Supreme Court defined a collateral mortgage as:
a mortgage designed, not to directly secure an existing debt, but to secure a mortgage note pledged as collateral security for a debt or a succession of debts. The mortgage is usually drawn in favor of future holders, represented by a nominal mortgagee. For convenience in pledging, the companion promissory note is usually payable to bearer on demand. The maker may reissue the note from time to time. [Citations omitted] Foy, supra 260 So.2d at 630.
In Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450, 455-56 (La.App. 1st Cir.1976) the court explained the collateral mortgage as follows:
[a] collateral mortgage differs from other conventional mortgages in that money is not directly advanced on the promissory note that is paraphed `Ne Varietur' for identification with the act of collateral mortgage, rather this `collateral mortgage package' is pledged to secure an indebtedness that can be one which is pre-existing, contemporaneous or future. The full principal amount of the collateral mortgage note secures the principal and any other indebtedness of the hand note, including interest and attorney's fees. See New Orleans Silversmiths, Inc. v. Toups, [261 So.2d 252 (La.App. 4th Cir.1972)]; Odom v. Cherokee Homes, Inc., 165 So.2d 855 (La.App. 4th Cir.1964), writ ref. 246 La. 868,167 So.2d 677; Nathan and Marshall, [The Collateral Mortgage, 33 La.L.Rev. 297]; see also Nathan and Marshall, The collateral Mortgage: A Reassessment and Postscript, 36 La.L.Rev. 973 (1976). Id. at 455.
*903 The Cameron Brown South court also explained that:
the collateral mortgage is both a mortgage and a pledge. The collateral mortgage has been described as `the strange alchemy of the pledge of a mortgage created by the pledgor.' Sachse, Report to the Louisiana Law Institute on Article Nine of the Uniform Commercial Code, 41 Tul.L.Rev. 785, 799 (1967).
As a corollary, the collateral mortgage note does not represent the indebtedness; it is the security that is pledged to secure another note, usually a hand note, which represents the indebtedness. The true indebtedness is the debt that the collateral mortgage is pledged to secure. [Citation omitted]. Nevertheless, for the purposes of executory process, the collateral mortgage note is the `instrument evidencing the obligation secured by the mortgage.' [Citation omitted.] Id. at 455-56.
Thus, the $122,000.00 promissory demand note is the hand note; while the bearer demand note of $150,000.00 is the collateral mortgage note.
Executory process is a harsh remedy, requiring strict compliance with the law. Bank of St. Charles v. Eris, 477 So.2d 847 (La.App. 5th Cir.1985). Moreover, where the executory proceeding contains a fundamental defect which strikes at its foundation then such a defect is a defense to a deficiency judgment. Eris, supra; Mellon Financial Services Corp. v. Cassreino, 499 So.2d 1160 (La.App. 5th Cir.1986).
Nevertheless, with regard to whether a collateral pledge agreement is necessary for a valid executory process, our brothers in the fourth circuit have concluded that it is not an integral part of the evidence in support of the executory proceeding. Plumbing Supply House, Inc. v. Century National Bank, 440 So.2d 173 (La.App. 4th Cir.1983). We agree. The Century National Bank court reasoned that:
[a]s to the collateral pledge agreement, we note that while this document may be evidence of an intent to pledge, it is not necessary to perfect a pledge of the type involved in this case. The pledge here was of a `Ne Varietur' collateral mortgage note in Bearer form. To pledge such a negotiable instrument no written agreement or other formality beyond delivery to the pledge is required ... A promissory note secured by a collateral mortgage and payable to Bearer may be pledged by mere delivery. No authentic evidence of endorsement or transfer is required to entitle the transferee to foreclose by executory process ... Because no authentic evidence of the pledge of this `Ne Varietur' bearer note is required, the delivery of that note [by the debtor to the creditor] and [the creditor's] continued possession of that note until foreclosure was instituted was sufficient to support executory process. Id. at 176. See also, L.S.A.-C.C. Art. 3158.[2]
*904 We are not persuaded by Gross' argument that since Pontchartrain chose to include a reference to a collateral pledge agreement on the back of the $122,000.00 promissory hand note that it now made the agreement a necessary link in the chain of authentic evidence. The collateral pledge agreement was mere surplusage and could not affect the validity of the proceeding since Pontchartrain had included the $122,000.00 promissory hand note as an exhibit to the verified petition in compliance with L.S.A.-C.C.P. Art. 2637[3] and had also included authentic evidence of the collateral mortgage note and the collateral mortgage.
L.S.A.-C.C.P. Article 2635 provides, in part:
[t]he plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
Furthermore, L.S.A.-C.C.P. Article 2636 provides in part that:
[t]he following documentary evidence shall be deemed to be authentic for purposes of executory process:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege, paraphed for identification with the act of mortgage or privilege by the notary or other officer before whom it is executed.
Courts have construed L.S.A.-C.C.P. Article 2636 to mean that the instrument evidencing the obligation secured by the mortgage or privilege was the collateral mortgage note and not the hand note. Slidell Building Supply, Inc. v. I.D.S. Mortgage Corp., 273 So.2d 343 (La.App. 1st Cir.1972), writ denied 274 So.2d 708 (La.1973); Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir.1976); Fuller v. Underwood, 355 So.2d 62 (La. App. 2nd Cir.1978)
Pontchartrain's petition for executory process contains all of the necessary evidence to support an executory proceeding in compliance with the above-cited codal and jurisprudential authorities. We conclude that the failure to include the pledge agreement did not render the executory proceedings invalid for the reasons stated herein and we reverse the trial court's sustaining of the exception of no cause of action and his dismissal of Pontchartrain's suit for a deficiency judgment against Gross and remand.
REVERSED AND REMANDED.
NOTES
[1] Gross executed the documents contained in the petition for executory process through his lawful agent and attorney-in-fact, Jeffrey C. Montegut by a notarized power of attorney which was also attached to the petition.
[2] L.S.A.-C.C. Art. 3158 provides in pertinent part that:

[w]hen a debtor wishes to pledge promissory notes ..., he shall deliver to the creditor the notes ... so pledged, and such pledge so made... shall without further formalities be valid as well against third persons as against the pledger thereof, if made in good faith ... it is further provided that whenever a pledge of any instrument or item of the kind listed in this article is made to secure a particular loan or debt, or to secure advances to be made up to a certain amount, and if so desired or provided, to secure any other obligations or liabilities of the pledger to the pledgee, then existing or thereafter arising, up to the limit of the pledge, and the pledged instrument or item remains and has remained in the hands of the pledgee, the instrument or item may remain in pledge to the pledgee or, without withdrawal from the hands of the pledgee, be repledged to the pledgee to secure at any time any renewal or renewals of the original loan or any part thereof or any new or additional loans, even though the original loan has been reduced or paid, up to the total limit which it was agreed should be secured by the pledge, and, if so desired or provided, to secure any other obligations or liabilities of the pledger to the pledgee, then existing or thereafter arising, up to the limit of the pledge, without any added notification or other formality, and the pledge shall be valid as well against third person as against the pledger thereof, if made in good faith; and such renewals, additional loans and advances or other obligations or liabilities shall be secured by the collateral to the same extent as if they came into existence when the instrument or item was originally pledged and the pledge was made to secure them.
[3] In 1983 (Acts 1983, No. 185, Section 1), the legislature added the new paragraph C to L.S. A.-C.C.P. Art. 2637 which sets forth the evidence which need not be authentic for an executory proceeding to now include:

[i]f a mortgage sought to be enforced is a collateral mortgage on movable or immovable property, the existence of the actual indebtedness may be proved by the verified petition or supplemental petition, with the handnote, handnotes, or other evidence representing the actual indebtedness attached as an exhibit to the petition. [Emphasis supplied].