530 So.2d 1195 (1988)
NICK'S AUTO SALES, INC., Plaintiff-Appellant,
v.
Henry BLAKES, Defendant-Appellee.
No. 19674-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Nelson, Hammons & Johnson by Walter D. White, Shreveport, for plaintiff-appellant.
Gary L. Fox, Shreveport, for defendantappellee.
Before JASPER E. JONES, SEXTON, LINDSAY, JJ.
JASPER E. JONES, Judge.
This is an action for a deficiency judgment. The plaintiff is Nick's Auto Sales, *1196 Inc. The defendant is Henry Blakes. The plaintiff appeals the judgment of the trial court dismissing plaintiff's demand for a deficiency judgment following the sale of defendant's automobile pursuant to foreclosure. We reverse and award the deficiency judgment.

FACTS
The plaintiff was the holder of a promissory note secured by a chattel mortgage on a Cadillac automobile purchased by the defendant from the plaintiff. The defendant became delinquent in making payment on the note. The plaintiff petitioned for and was granted executory process on the automobile, resulting in its seizure and sale. The automobile was sold with benefit of appraisal. The plaintiff then instituted suit for a deficiency judgment, seeking the remaining balance owed by the defendant after the sale of the automobile.
The defendant at trial contended no deficiency judgment could be obtained because of a fundamental defect in the executory proceedings. The defendant alleged the executory proceedings were defective and that no subsequent suit for a deficiency judgment could be maintained because the chattel mortgage signed by the defendant was not in authentic form.
The chattel mortgage foreclosed upon in this case purports to be an act under private signature, attested by two witnesses, duly acknowledged by the defendant pursuant to LSA-R.S. 13:3720. At trial, the defendant contended the executory proceedings were not supported by authentic evidence because the chattel mortgage was not an authentic act nor was it by "private signature duly acknowledged" because the defendant did not execute the mortgage in the presence of two witnesses. The defendant testified neither the notary nor the two witnesses whose signatures appear on the face of the chattel mortgage were present when he signed the mortgage. The defendant stated only Nick of Nick's Auto Sales was present when he signed the mortgage. Evidence rebutting this contention and establishing the authenticity of the chattel mortgage was not presented by the plaintiff.
Although we agree the chattel mortgage is not authentic evidence as required by LSA-C.C.P. art. 2635 we conclude this fact does not require a judgment rejecting plaintiff's demand for a deficiency judgment. Lack of the proper authentic evidence filed in the executory proceedings is no longer a defense available to the debtor in a suit for a deficiency judgment brought by the creditor. We make this determination based upon our supreme court's recent decision in First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (1988), overruling League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968).

Executory Process, Authentic Evidence, and the Deficiency Judgment
Executory process is a harsh remedy, requiring strict compliance with the law. Pontchartrain State Bank v. Gross, 508 So.2d 901 (La.App. 5th Cir.1987) and citations therein. The chain of authentic evidence must be established in order for the plaintiff to obtain executory process. Failure to submit the required authentic evidence under LSA-C.C.P. art. 2635 renders the executory proceedings fundamentally defective.[1] However, such a defect *1197 cannot thereafter be raised as a defense to a deficiency judgment.
The supreme court in League Central, supra, concluded where the necessary authentic evidence is not submitted along with a petition for executory process, a later action for a deficiency judgment cannot be maintained. On rehearing in First Guaranty Bank, supra, the supreme court has overruled the case of League Central as incorrect and found its underlying reasoning to be erroneous and unsupported by the pertinent statutes and their legislative history. We quote language pertinent to the resolution of the instant case as contained in the supreme court decision of First Guaranty Bank:
Moreover, the legislative history of the deficiency judgment act indicates no intention to include within its safeguards a defense based upon improper authentic evidence filed in the executory proceeding. Prior to the first deficiency judgment act in 1934, in any period of economic recession a mortgagee could buy in a mortgagor's property for a small fraction of the indebtedness, obtain a personal judgment for the deficiency, and under execution of the judgment have other property of the mortgagor sold. This evil was effectively curbed by the Deficiency Judgment Action of 1934, which requires as a condition precedent to a deficiency judgment that the property must have been appraised before its sale, thus affording a measure of protection against an unjust sacrifice of the debtor's property. See McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 567 (1958). The deficiency judgment act declares a statement of public policy that when a creditor takes advantage of a waiver of appraisment by a debtor, and the proceeds of the judicial sale are insufficient to satisfy the debt, the debt is discharged and the creditor shall not have an unqualified right to proceed against the debtor or any of his other property for such deficiency. La.R.S. 13:4106-4107. Although this policy is broad and strong, there is nothing in its history or expressions that indicates an intention to bar a creditor who fully complies with appraisal requirements from obtaining a deficiency judgment simply because of a lack of authentic evidence in the executory proceeding. [emphasis ours]
The supreme court rejected the argument the deficiency judgment is based upon the executory proceedings. Both actions are separate and distinct. The creditor's right to executory process is based upon his submission of an authentic chain of evidence. In the deficiency action the creditor is not required to prove he presented such authentic evidence in the executory proceeding in order to maintain the deficiency judgment. The creditor's right to the deficiency judgment is based solely upon submission of evidence establishing the existence of the obligation, the amount of the deficiency due, and that the property has been sold at judicial sale with benefit of appraisal. The creditor may still obtain a deficiency judgment even where the executory proceedings are defective because of a lack of authentic evidence.
The record reflects the balance on the note sued upon in the executory proceedings after it is credited for unearned interest and the net proceeds of the judicial sale is the sum of $1,129.15.
For the reasons set forth the judgment appealed rejecting plaintiff's demands is reversed and judgment is rendered in favor of Nick's Auto Sales, Inc., and against Henry Blakes in the full sum of One Thousand One Hundred Twenty-Nine and 15/100 ($1,129.15) Dollars, together with legal interest *1198 from date of judicial demand until paid and for all costs of court.
NOTES
[1] LSA-C.C.P. art. 2635 sets forth the procedural steps necessary to obtain executory process and states in part:

The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
LSA-R.S. 13:3720 provides the method for acknowledging an act under private signature:
Any deed, counter letter, power of attorney, declaration, contract, or other instrument, under private signature, purporting to be attested by two or more witnesses and accompanied by an affidavit of the vendor or grantor that the same was signed or executed by him, or by an affidavit of one or more such witnesses, made at or after the signing and execution of such deed, counter letter, or other instrument, and setting forth substantially that the instrument was signed or executed by the party or parties thereto in the presence of the affiant or affiants, shall be deemed, taken and accepted, prima facie, and without further proof, as being true and genuine, and shall be so received and accepted in evidence in the courts of Louisiana, without further proof.
We further note a chattel mortgage cannot be considered "duly acknowledged" by an affiant under LSA-R.S. 13:3720 where less than two witnesses are present at its execution. Ford Motor Credit Company v. Williams, 225 So.2d 717 (La.App. 1st Cir.1969); South Louisiana Bank v. Miller, 479 So.2d 461 (La.App. 1st Cir. 1985).