DUFRESNE, Judge.
Defendant, Eugene Calhoun, has appealed a default deficiency judgment. The facts of this case are uncontested.
Plaintiff, First National Bank of Commerce, instituted an action for executory process in St. Charles Parish on October 14, 1987, demanding seizure of Calhoun’s 1982 Chrysler LeBaron for an alleged indebtedness of $5,333.68, together with ac-cured interest of $366.05 and 25% attorney’s fees.
The verified petition giving notice of seizure and requesting sale with appraisal was served upon Calhoun on October 30, 1987. The sale of the subject automobile, perfected on December 19, 1987, with the process verbal citing the sale was made with appraisal for two-thirds of its value.
On January 14, 1988, First NBC filed a Petition for Deficiency Judgment which was served upon Calhoun on January 20, 1988. On February 11, 1988, a preliminary default was rendered and on March 9, 1988, the default was confirmed. From this March 9, 1988 judgment, Calhoun has devolutively appealed specifying the following errors:
1. The default judgment of March 1988, was not based upon sufficient evidence to prove a prima facie case as required by C.C.P. art. 1702.
2. The default judgment of March 9, 1988, is a nullity because no notice to *521 appoint an appraiser was served upon Calhoun prior to the sale as required by C.C.P. art. 2723.
3. The seizure and sale of Calhoun’s automobile was deficient which prevented First NBC from obtaining a deficiency judgment because the affidavit accompanying the Petition for Executory Process failed to meet the statutory requirements.
After reviewing the record we find sufficient evidence to establish a prima facie case against Calhoun. The amount owed by Calhoun was evidenced by a negotiable instrument and the affidavit of correctness found in the record of the sum due is sufficient to establish a prima facie case as required by C.C.P. art. 1702. C.C.P. art. 1702(B)(3) states that:
“When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of correctness thereof shall be prima facie proof.” (emphasis added)
The record reflects notice given in writing to Calhoun advising him to appoint an appraiser. The statement made by the St. Charles Parish Sheriff in the process verbal is sufficient evidence to prove notice. GMAC v. Bruscato, 447 So.2d 631 (La.App. 4th Cir., 1984). The Sheriff’s return of the judicial sale clearly shows on its face the compliance of the requirements for ap-praisement and will be presumed lawful, unless the debtor establishes the contrary. Calcasieu Marine National Bank v. Miller, 422 So.2d 558 (La.App. 3rd Cir., 1982). Calhoun has not rebutted this presumption at all.
Regarding the issue that the accompanying affidavit in support of the request for executory process failed to meet the lawful required standards, we have been given guidance by a recent Supreme Court decision, First Guaranty Bank of Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1987), which held that a defense to a sustantive defect in the executory process is lost if it is not raised prior to the sale of the property. Consequently, Calhoun’s appellate attack regarding sufficiency of First NBC’s executory process relates to a sustantive defect of said process, thus becomes moot.
We find First NBC’s conduct fulfilled all legal requirements in obtaining the subject default Deficiency Judgment, and accordingly we affirm. Appellant to pay all costs.
AFFIRMED.