676 So.2d 597 (1996)
FEDERAL SERVICES CORPORATION
v.
MULE-DUREL, INC., Sylvia Ehlers, Wife of/and Ray James Hingle, Jr.
No. 95-CA-2192.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1996.
Writ Denied September 27, 1996.
*598 Robert A. Mathis, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for Plaintiff/Appellee, Federal Services Corporation.
Philip A. Costa, Leonard L. Levenson, Weigand, Levenson & Costa, New Orleans, for Defendants/Appellants, Mule-Durel, Inc. and Ray James Hingle, Jr.
Before KLEES, BYRNES and MURRAY, JJ.
MURRAY, Judge.
Mule-Durel, Inc. and Sylvia and Ray James Hingle appeal the trial court's a deficiency judgment against them in favor of Federal Services Corporation.

FACTS AND PROCEEDINGS BELOW
Appellants, Mule-Durel, Inc. (M-D), and Sylvia and Ray Hingle, owned property at 617 South Scott Street in New Orleans. The Hingles executed a note and collateral mortgage of that property, which indebtedness was evidenced by a hand note executed on behalf of M-D. Appellee, Federal Services Corporation (FSC), the holder in due course of the hand note, filed a petition for executory process on May 20, 1994. Notice of demand was served on M-D on May 24, 1994, before writ of seizure and sheriff's sale was issued, as required by La.Code Civ.Proc. art. 2639(A). The Hingles were not served with notice of demand because they allegedly waived notice in the collateral mortgage. See Code Civ.Proc. art. 2639(B). They were served with notice of seizure. The sheriff's sale of the property was scheduled for October 20, 1994.
The Hingles filed a petition for injunctive relief on October 7, 1994, which was denied after a hearing on October 17, 1994. The Hingles sought writs from this Court and the Supreme Court, but both applications were denied.
The sheriff's sale took place on October 20, 1994, at which time the property was sold for $24,600.00. After sheriff's costs were paid, FSC received $22,013.54 from the sale of the property. FSC filed a petition for deficiency judgment because the amount received from the sale did not satisfy the balance owed on the original mortgage. M-D and the Hingles answered the petition, and FSC moved for summary judgment. Following a hearing on May 12, 1995, the trial court granted the FSC motion and entered judgment against M-D and the Hingles for the principal amount of $8,876.13, attorney's fees equal to 25% of the original amount sued for in the petition for executory process, and costs. This appeal followed.

DISCUSSION
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.Proc. art. 966(B). Appellate courts review summary judgments de novo, under the same criteria that govern the district court's considerations of whether summary judgment was proper. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). All inferences drawn from the evidence must be construed in the light most favorable to the party; all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Id.
In their first assignment of error, M-D and the Hingles argue that summary judgment was improper because FSC failed to prove that the property was appraised prior to foreclosure, a pre-requisite for obtaining a deficiency judgment pursuant to La.Code Civ.Proc. art. 2723. Neither the petition nor the motion for summary judgment allege that the property had been appraised. As appellants note there is no appraisal *599 in the record.[1] In response, FSC points out that the original order of the trial court for the writ of seizure and sale ordered that an appraisal to be done, and argues that this is proof that an appraisal was done.
Inferences can be drawn from other evidence to support that an appraisal was made. General Motors Acceptance Corp. v. Bruscato, 447 So.2d 631 (La.App. 4th Cir. 1984); Gulf Federal Sav. Bank v. Robert, 474 So.2d 33 (La.App. 4th Cir.1985). A panel of this court has found that an order commanding the sheriff to seize and sell a piece of property with appraisal and a notation on the back of the writ indicating that the property had been appraised was sufficient evidence to base a finding that an appraisal had taken place. Bruscato at 633.
The writ of seizure and sale herein ordered that an appraisal be done. The return on the writ of seizure indicates that an appraisal had been done. In fact, the supplemental record of November 27, 1995, filed by the Deputy Civil Sheriff, indicates that the property was appraised at $28,000, and that the appraisal was filed at Book A-49, folio 189, in the Civil Sheriff's office. The record supports a finding that an appraisal was made prior to foreclosure.
In their second assignment of error, M-D and the Hingles contend there was no "valid" appraisal because FSC failed to prove that they received notice of appraisal as required.
A valid appraisal requires that the sheriff serve written notice on the debtor directing him to appoint an appraiser. Citizens Sav. and Loan Ass'n v. Kinchen, 622 So.2d 662 (La.1993). The record contains the notice of appointment of an appraiser which was personally served on Sylvia Hingle and Ray Hingle, and on M-D through their registered agent, Sylvia Hingle. This argument is without merit.
M-D and the Hingles allege, in their third assignment of error, that summary judgment was inappropriate because FSC failed to prove: (1) that Ray Hingle approved an extension to the guarantee agreement that he originally signed; and (2) that a note extension agreement existed. They offered Mr. Hingle's affidavit attesting that he did not approve an extension of the original guaranty agreement in support of this argument.
In response, FSC contends that the debt instrument was a promissory (hand) note which was extended by virtue of a "Note Extension Agreement," which can be proven by verified petition. Furthermore, the Continuing Guarantee Agreement provided that the guarantor agreed to any extensions, future loans, etc., and that he agreed to be bound in solido with the debtor. We find, therefore, that Mr. Hingle extended his guarantee.
In their fourth assignment of error, M-D and the Hingles argue that summary judgment was improperly granted because FSC did not prove the date and manner it became holder and owner of the note, and failed to produce evidence of any act of pledge. FSC counters that an act of pledge need not be in writing, nor is authentic evidence required for executory process.
We note that, contrary to appellants assertions, page 2 of the petition for executory process states that the original holder, Pontchartrain Bank, went into receivership, the FDIC became title holder on all its notes and then sold the subject note to FSC.
In Plumbing Supply House, Inc. v. Century Nat'l Bank, 440 So.2d 173 (La.App. 4th Cir.1983), writ denied, 444 So.2d 1226 (La. 1984), this court reasoned that a collateral pledge agreement is not necessary to perfect a pledge. "To pledge such a negotiable instrument, no written agreement or other formality beyond delivery to [sic] the pledge is required ... A promissory note secured by a collateral mortgage and payable to Bearer may be pledged by delivery.... Because no authentic evidence of the pledge of this "ne varietur" bearer note is required, the delivery *600 of that note [by the debtor to the creditor] and [the creditor's] continued possession of that note until foreclosure was instituted was sufficient to support executory process." This same reasoning was applied by the fifth circuit in Pontchartrain State Bank v. Gross, 508 So.2d 901 (La.App. 5th Cir.1987).
There is ample evidence in the record that FSC is the owner and holder of the notes in question, satisfying this element of executory process. This assignment of error has no merit.
Finally, the appellants aver that the trial court erred in awarding 25% attorney's fees because the record does not support such an award. They contend that the trial court relied on the provision in the note stipulating 25% attorney's fees, and did not inquire into the reasonableness of the award. When the services of an attorney are evident from the record, proof of services is not necessary. Melendreras v. Blanchard, 598 So.2d 1226 (La.App. 4th Cir.1992); Thibaut, Thibaut, Garrett and Bacot v. Smith and Loveless Inc., 517 So.2d 222 (La.App. 1st Cir.1987), appeal after remand, 576 So.2d 532 (La.App. 1st Cir.1990), writ denied, 580 So.2d 676 (La.1991). The work done by the attorneys for FSC was evident to the trial judge by an examination of the record. His award of $6,994.00 does not seem unreasonable in light of the work involved as evidenced by this record. This assignment of error has no merit.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid by appellants.
AFFIRMED.
NOTES
[1] We note that lack of appraisal was not raised as an affirmative defense in the answer to the petition for executory process, the various requests for injunctive relief, the answer to the petition for deficiency judgment, nor in the opposition to summary judgment.